Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

IN THE 36TH JUDICIAL CIRCUIT
COUNTY OF RIPLEY
STATE OF MISSOURI

| | | |
|---|---|---|
| [redacted], a minor,<br>by and through Next Friend,<br>JAKE WHITLOW,<br><br>*Plaintiff*,<br><br>vs.<br><br>DONIPHAN R-I SCHOOL DISTRICT,<br>Serve at: 615 E. Summit St.<br>Doniphann, MO 63935<br><br>GOLDIE HALL,<br>Serve at: 109 Perch Ln.<br>Doniphann, MO 63935<br><br>*Defendants*. | ) | Cause No. 26RI-CV00484<br><br>Judge Proctor<br><br>JURY TRIAL DEMANDED |

## PETITION

COMES NOW Plaintiff, [redacted], a minor, by and through his Next Friend, Jake Whitlow, by counsel, Daniel J. Rhoads of **THE RHOADS FIRM, LLC**, and for his causes of action against Defendants, Doniphan R-I School District and Goldie Hall, pleads the following facts upon his personal knowledge and information:

### Parties

1. [redacted] is, and at all times relevant to this Petition was, a minor, male child and a resident of Ripley County, Missouri.

2. [redacted] is a child with Autism, which is a physical or mental impairment which substantially limits one or more of his major life activities.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

3. Jake Whitlow, the father of [redacted] and his Next Friend in this action, is and at all times relevant to this Petition was an adult resident of Ripley County, Missouri.

4. Defendant Doniphan R-I School District ("the District") is a public school district located within Ripley County, Missouri, and is a political subdivision of the State.

5. The District is a recipient of federal funds, a public corporation, and a "person" by statute.

6. Defendant Goldie Hall is an adult resident of Ripley County, Missouri. Defendant Hall is sued in her Individual Capacity.

7. At the times relevant to this Petition, Ms. Hall was an employee of the District acting within the scope of her employment.

Jurisdiction and Venue

8. This Petition arises under the statutes of the State of Missouri and under the statutes of the United States.

9. Plaintiff has suffered damages in excess of $25,000.

10. PLAINTIFF was first injured by the wrongful acts or negligent conduct of Defendants in the County of Ripley, State of Missouri.

Facts Applicable to All Counts

11. Plaintiff's disability substantially limits his major life activities, including self-care, eating, and learning.

12. During the 2024-25 school year, [redacted] was a nine-year-old student who was enrolled in and attending Doniphan Elementary School ("the School"), which is owned and operated by the District.

13. The School is a place of public accommodation.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

14. Due to PLAINTIFF's disability, the District owed him reasonable accommodations at the School, including one-to-one adult support ("a Para").

15. Provision of a Para was required by PLAINTIFF's individualized education plan ("IEP") at times when, for example, PLAINTIFF was on the School's playground.

16. PLAINTIFF had one Para who was primarily responsible for him during the school day and an alternate Para who was responsible when the primary Para was unavailable or taking breaks.

17. Subsequent to the occurrence described below, the Whitlows learned that PLAINTIFF was often unsupported and unsupervised in the School. For example, his teacher and the teacher's aide would sleep during class time with PLAINTIFF and other students in the room.

18. During the 2024-25 school year, when PLAINTIFF was left unattended in the School, he began exhibiting strange behaviors, including self-harming and smearing feces.

19. On February 25, 2025, PLAINTIFF was unattended on the School's playground.

20. Ms. Hall was the Para assigned to PLAINTIFF on the playground on the day in question.

21. Defendant Hall had a ministerial duty to accompany PLAINTIFF while PLAINTIFF was on the School's playground on February 25, 2025.

22. Lacking supervision or support, PLAINTIFF ate handfuls of gravel off the ground of the schoolyard.

23. The ingestion led to significant physical damage and required medical treatment.

24. As a direct and proximate result of Defendants' failures, Plaintiff was deprived of the accommodations, advantages, facilities, services, or privileges made available in the public school.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

25. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to (a) emotional pain, suffering, inconvenience, and mental anguish; (b) loss of enjoyment of life; (c) humiliation; and (d) physical pain and suffering.

Exhaustion of Administrative Remedies

26. On August 7, 2025, Plaintiff filed his Complaint of Discrimination in the Missouri Commission on Human Rights ("MCHR") against Defendants, No. P-08/25-05813. *See* Ex. 1, redacted complaint.

27. On July 2, 2026, the MCHR issued its Notice of Right to Sue to Plaintiff. *See* Ex. 2, right to sue letter.

Count I – MHRA Disability Discrimination (§ 213.065 R.S. Mo.)
PLAINTIFF v. Defendants

28. Plaintiff incorporates the averments made above as if they were fully set forth herein.

29. At all relevant times, Defendant operated a place of public accommodation—to wit, the School—under the Missouri Human Rights Act ("MHRA").

30. Plaintiff is a person with a disability. PLAINTIFF's physical or mental impairments, as listed above, substantially limit his major life activities, as set forth above.

31. With or without reasonable accommodations, PLAINTIFF's impairments do not interfere with his utilizing Defendant's places of public accommodations.

32. At all relevant times, as described above, Defendants discriminated against Plaintiff due to his disability in that Defendants failed to provide reasonable accommodations, as described above.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

33. As a direct and proximate result of the above-described acts, Plaintiff has suffered and will continue to suffer pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor and against Defendants, awarding emotional distress damages, compensatory damages, pre-and post-judgment interest, and attorney's fees and costs, as well as any other relief that this court should find necessary and proper.

Count II – Americans with Disabilities Act
Defendant District

34. Plaintiff incorporates the averments made above as if they were fully set forth herein.

35. Plaintiff was, at all times relevant to this Petition, a child with autism and an individual with a disability.

36. PLAINTIFF's disabilities substantially limited his ability, among other things, to learn, eat, and care for himself.

37. The District knew of PLAINTIFF's disabilities.

38. PLAINTIFF could have participated in school meaningfully if he had been provided with a one-to-one adult support person ("Para").

39. Providing PLAINTIFF with a Para would have been reasonable and would not have imposed an undue burden on Defendant.

40. The District failed to provide PLAINTIFF with a Para on multiple occasions, including at the time when PLAINTIFF ingested gravel from the School's playground.

41. As a direct and proximate result of such failure to provide reasonable accommodation, PLAINTIFF suffered damages as specified above.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count II; award Plaintiff such sum as will fairly and justly compensate Plaintiff for all damages that he has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Count III – Negligence (Breach of Ministerial Duty)
Defendant Hall

42. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

43. Defendant Hall had a ministerial duty to accompany PLAINTIFF on the School's playground while he was there.

44. Defendant Hall breached her duty to PLAINTIFF by leaving him unattended on the School's playground as described above.

45. Defendant's breach of her ministerial duty was the direct and proximate cause of damage to PLAINTIFF, including both physical illness and emotional distress.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count III; award Plaintiff such sum as will fairly and justly compensate Plaintiff for all damages that he has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

RESPECTFULLY SUBMITTED

/s/ Daniel J. Rhoads
Daniel J. Rhoads, 59590
**THE RHOADS FIRM, LLC**
8123 Delmar Blvd., Suite 200
St. Louis, MO 63130
Phone: (855) 895-0997
Fax: (314) 754-9103
therhoadsfirmllc@gmail.com
*Attorney for Plaintiff*
[redacted] *a minor, by and through*
*Next Friend, Jake Whitlow*

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

# Confidential Redacted Information Filing Sheet

| | |
|---|---|
| Party Name: Plaintiff, H.W. | **Case Number:** **26RI-CV00484** |
| Address: 8123 Delmar Blvd., Suite 200 St. Louis, MO 63130 | Case Type: TK |
| | Style of Case: H.W. v. Doniphan R-I School District |
| Email Address: therhoadsfirmllc@gmail.com | ☑ The unredacted document is attached to this filing sheet in place of listing the redacted information identifiers below. |
| Filing Date: 09/30/2026 | |
| Document Filed: Petition | |

(Date File Stamp)

**REDACTED INFORMATION:**

| Redacted Information Identifier | Redacted Information |
|---|---|
| Redaction | Full name of disabled, minor Plaintiff |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Submitted by: ______________________ Bar ID (required if attorney): 59590

Address: 8123 Delmar Blvd., Suite 200

City: St. Louis State: MO Zip: 63130

Phone: (855)895-0997 Email Address: therhoadsfirmllc@gmail.com

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

IN THE 36TH JUDICIAL CIRCUIT
COUNTY OF RIPLEY
STATE OF MISSOURI

[redacted] a minor, )
by and through Next Friend, )
JAKE WHITLOW, )
)
*Plaintiff*, )
) Cause No. 26RI-CV00484
vs. )
) Judge Proctor
DONIPHAN R-I SCHOOL DISTRICT, )
Serve at: 615 E. Summit St. )
Doniphann, MO 63935 )
)
GOLDIE HALL, )
Serve at: 109 Perch Ln. )
Doniphann, MO 63935 )
) JURY TRIAL DEMANDED
*Defendants*. )

## PETITION

COMES NOW Plaintiff, [redacted] a minor, by and through his Next Friend, Jake Whitlow, by counsel, Daniel J. Rhoads of **THE RHOADS FIRM, LLC**, and for his causes of action against Defendants, Doniphan R-I School District and Goldie Hall, pleads the following facts upon his personal knowledge and information:

### Parties

1. [redacted] is, and at all times relevant to this Petition was, a minor, male child and a resident of Ripley County, Missouri.

2. [redacted] is a child with Autism, which is a physical or mental impairment which substantially limits one or more of his major life activities.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

3. Jake Whitlow, the father of [redacted] and his Next Friend in this action, is and at all times relevant to this Petition was an adult resident of Ripley County, Missouri.

4. Defendant Doniphan R-I School District ("the District") is a public school district located within Ripley County, Missouri, and is a political subdivision of the State.

5. The District is a recipient of federal funds, a public corporation, and a "person" by statute.

6. Defendant Goldie Hall is an adult resident of Ripley County, Missouri. Defendant Hall is sued in her Individual Capacity.

7. At the times relevant to this Petition, Ms. Hall was an employee of the District acting within the scope of her employment.

<u>Jurisdiction and Venue</u>

8. This Petition arises under the statutes of the State of Missouri and under the statutes of the United States.

9. Plaintiff has suffered damages in excess of $25,000.

10. PLAINTIFF was first injured by the wrongful acts or negligent conduct of Defendants in the County of Ripley, State of Missouri.

<u>Facts Applicable to All Counts</u>

11. Plaintiff's disability substantially limits his major life activities, including self-care, eating, and learning.

12. During the 2024-25 school year, Henry Whitlow was a nine-year-old student who was enrolled in and attending Doniphan Elementary School ("the School"), which is owned and operated by the District.

13. The School is a place of public accommodation.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

14. Due to PLAINTIFF's disability, the District owed him reasonable accommodations at the School, including one-to-one adult support ("a Para").

15. Provision of a Para was required by PLAINTIFF's individualized education plan ("IEP") at times when, for example, PLAINTIFF was on the School's playground.

16. PLAINTIFF had one Para who was primarily responsible for him during the school day and an alternate Para who was responsible when the primary Para was unavailable or taking breaks.

17. Subsequent to the occurrence described below, the Whitlows learned that PLAINTIFF was often unsupported and unsupervised in the School. For example, his teacher and the teacher's aide would sleep during class time with PLAINTIFF and other students in the room.

18. During the 2024-25 school year, when PLAINTIFF was left unattended in the School, he began exhibiting strange behaviors, including self-harming and smearing feces.

19. On February 25, 2025, PLAINTIFF was unattended on the School's playground.

20. Ms. Hall was the Para assigned to PLAINTIFF on the playground on the day in question.

21. Defendant Hall had a ministerial duty to accompany PLAINTIFF while PLAINTIFF was on the School's playground on February 25, 2025.

22. Lacking supervision or support, PLAINTIFF ate handfuls of gravel off the ground of the schoolyard.

23. The ingestion led to significant physical damage and required medical treatment.

24. As a direct and proximate result of Defendants' failures, Plaintiff was deprived of the accommodations, advantages, facilities, services, or privileges made available in the public school.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

25. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to (a) emotional pain, suffering, inconvenience, and mental anguish; (b) loss of enjoyment of life; (c) humiliation; and (d) physical pain and suffering.

## Exhaustion of Administrative Remedies

26. On August 7, 2025, Plaintiff filed his Complaint of Discrimination in the Missouri Commission on Human Rights ("MCHR") against Defendants, No. P-08/25-05813. *See* Ex. 1, redacted complaint.

27. On July 2, 2026, the MCHR issued its Notice of Right to Sue to Plaintiff. *See* Ex. 2, right to sue letter.

## Count I – MHRA Disability Discrimination (§ 213.065 R.S. Mo.)
## PLAINTIFF v. Defendants

28. Plaintiff incorporates the averments made above as if they were fully set forth herein.

29. At all relevant times, Defendant operated a place of public accommodation—to wit, the School—under the Missouri Human Rights Act ("MHRA").

30. Plaintiff is a person with a disability. PLAINTIFF's physical or mental impairments, as listed above, substantially limit his major life activities, as set forth above.

31. With or without reasonable accommodations, PLAINTIFF's impairments do not interfere with his utilizing Defendant's places of public accommodations.

32. At all relevant times, as described above, Defendants discriminated against Plaintiff due to his disability in that Defendants failed to provide reasonable accommodations, as described above.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

33. As a direct and proximate result of the above-described acts, Plaintiff has suffered and will continue to suffer pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor and against Defendants, awarding emotional distress damages, compensatory damages, pre-and post-judgment interest, and attorney's fees and costs, as well as any other relief that this court should find necessary and proper.

Count II – Americans with Disabilities Act
Defendant District

34. Plaintiff incorporates the averments made above as if they were fully set forth herein.

35. Plaintiff was, at all times relevant to this Petition, a child with autism and an individual with a disability.

36. PLAINTIFF's disabilities substantially limited his ability, among other things, to learn, eat, and care for himself.

37. The District knew of PLAINTIFF's disabilities.

38. PLAINTIFF could have participated in school meaningfully if he had been provided with a one-to-one adult support person ("Para").

39. Providing PLAINTIFF with a Para would have been reasonable and would not have imposed an undue burden on Defendant.

40. The District failed to provide PLAINTIFF with a Para on multiple occasions, including at the time when PLAINTIFF ingested gravel from the School's playground.

41. As a direct and proximate result of such failure to provide reasonable accommodation, PLAINTIFF suffered damages as specified above.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count II; award Plaintiff such sum as will fairly and justly compensate Plaintiff for all damages that he has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

<u>Count III – Negligence (Breach of Ministerial Duty)</u>
<u>Defendant Hall</u>

42. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

43. Defendant Hall had a ministerial duty to accompany PLAINTIFF on the School's playground while he was there.

44. Defendant Hall breached her duty to PLAINTIFF by leaving him unattended on the School's playground as described above.

45. Defendant's breach of her ministerial duty was the direct and proximate cause of damage to PLAINTIFF, including both physical illness and emotional distress.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count III; award Plaintiff such sum as will fairly and justly compensate Plaintiff for all damages that he has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Electronically Filed - RIPLEY - October 01, 2026 - 11:49 AM

RESPECTFULLY SUBMITTED

/s/ Daniel J. Rhoads

Daniel J. Rhoads, 59590
**THE RHOADS FIRM, LLC**
8123 Delmar Blvd., Suite 200
St. Louis, MO 63130
Phone: (855) 895-0997
Fax: (314) 754-9103
therhoadsfirmllc@gmail.com
*Attorney for Plaintiff*
*Henry Whitlow, a minor, by and through*
*Next Friend, Jake Whitlow*